IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SUN LIFE INSURANCE COMPANY
OF CANADA                                                                              PLAINTIFF

V.                                            CASE NO. 4:14-CV-4151

KAREN JONES, *et al.*                                                          DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's Motion to Deposit Interest Amount, Motion to Dismiss, and

Motion for Recovery of Attorneys' Fees and Costs.  ECF No. 32.  Separate Defendant Karen Jones

has filed a response to the motion.  ECF No. 34.  Plaintiff has filed a reply.  ECF No. 37.  The Court

finds the motion ripe for consideration.[1]

Plaintiff moves the Court to deposit the interest amount of $2,933.33 into the registry of the

Court.  On January 15, 2016, pursuant to  the Court's order (ECF No. 38), Plaintiff deposited  the

interest amount of $2,933.33 into the registry of the Court.  Thus, Plaintiff's request regarding this

issue is moot.

Plaintiff further moves the Court to dismiss and discharge Plaintiff from further liability.  No

party disputes Plaintiff's argument that it is a disinterested stakeholder and should be dismissed from

the interpleader action.  The Court finds that Plaintiff no longer has a stake in this matter because

it has deposited the insurance policy proceeds at issue plus interest into the registry of the Court.

Accordingly, Plaintiff is dismissed from this interpleader action and is discharged from further

---

[1]The Court notes that Separate Defendant Martha Hammond has not filed a response to the motion, and the time for response has passed.

liability on the insurance policy at issue.  Defendants are enjoined from making further claims against Plaintiff regarding the interpleaded funds.

Plaintiff also moves the Court for an award of attorney's fees in the amount of $2,921.00 and costs in the amount of $508.00.  The Court, however, declines to award attorney's fees or costs in this matter.  Conflicting claims to benefits owed to beneficiaries under a life insurance policy arise in the ordinary course of Plaintiff's business.  These potential conflicts are part of the business risk assumed by insurance companies who provides such policies.  Interpleader actions free the stakeholder from the vexation of multiple suits and liability and are brought in the stakeholder's own self-interest.  Because the initiation of this action is beneficial to Plaintiff, the Court denies the request for attorney's fees and costs.  *See Life Ins. Co. of N. Am. v. Eufracio*, 25 F. Supp. 2d 1179, 1183 (N.D. Iowa 2014) (quoting *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730 (W.D. Mich. 1990)); *see also In re Mandalay Shores Coop. Hous. Ass'n*, 21 F.3d 380, 383 (11th Cir. 1994) (recognizing a "normal course of business" exception to an award of attorney's fees in an interpleader action); *Emcasco Ins. Co. v. Davis*, 753 F. Supp. 1458, 1464-65 (W.D. Ark. 1990) ("[B]ecause this interpleader action was brought primarily in [the stakeholder's] self interest, it is not entitled to an award of attorney's fees and costs.").

For the reasons set forth in this order, the Court finds that Plaintiff's motion (ECF No. 32) should be **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is **DISMISSED** from this interpleader action.

IT IS SO ORDERED, this 26th day of January, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge